# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-61365-BLOOM/Valle

SOUTHPOINT CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

## <u>ORDER ON MOTION TO STAY LITIGATION AND CONTINUE TRIAL</u>

**THIS CAUSE** is before the Court upon Plaintiff's, Southpoint Condominium Association, Inc. ("Plaintiff"), Motion to Stay Litigation and Continue Trial, ECF No. [33] ("Motion"). The Court has considered the Motion, the record in this case, applicable law and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

The Motion seeks to stay litigation for sixty (60) days, have the Court enter an amended scheduling order pushing back all deadlines, and have trial rescheduled for November 2020. *See generally id.* According to Plaintiff, the lawsuit was initiated in May 2019, Defendant filed its initial answer and affirmative defenses in June 2019, and in February 2020, Defendant asserted three new affirmative defenses. *Id.* at ¶¶ 4-12. Plaintiff represents that throughout this period, the parties have diligently engaged in written discovery and conducted depositions in preparation for the upcoming trial scheduled for July 2020. *Id.* at ¶ 9. However, "[i]n light of these new and significant affirmative defenses," Plaintiff contends that it cannot properly prepare for trial because it requires additional time to "fully investigate and defend itself against the allegations raised by Defendant." *See id.* at ¶ 13. In particular, its Board of Directors recently voted to hire new experts

to investigate the new affirmative defenses, which investigation will apparently take between 6-8 weeks once it commences. *Id.* at ¶¶ 14-17. Further, Plaintiff maintains that even without the presence of these new defenses, the parties "did not believe that this matter would be ready for trial until the end of September 2020." *Id.* at ¶ 18.

The crux of the Motion is that without the proposed stay and continuation of deadlines, Plaintiff will be prejudiced because it would "essentially prevent Plaintiff from completing the additional investigation necessary to address Defendant's most recent affirmative defenses" and would "prevent Plaintiff from fully presenting the merits of its positions in this case." *Id.* at 4. Plaintiff adds that "good cause" exists under Rule 16(b) to modify the scheduling order and that "exceptional circumstances" are present to continue the trial date. *See id.* at 4-5. Upon review and consideration, the Court does not agree that a stay and modification of pre-trial and trial deadlines is warranted under the circumstances.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984). "A stay of proceedings is generally in the court's discretion. It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) *aff'd*, 193 F.3d 1185 (11th Cir. 1999) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants.")). In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola–Beeche v. U.S. Dep't of Justice,* 662 F. Supp. 1414, 1417–18 (S.D. Fla. 1987).

The Court notes that on January 16, 2020, Defendant filed its motion for leave to amend its answer and affirmative defenses, ECF No. [22], which requested it be permitted to raise three additional affirmative defenses based on Plaintiff's alleged violation of the subject insurance policy's Concealment, Misrepresentation or Fraud provision. Specifically, Defendant represented that it had recently discovered evidence indicating that Plaintiff breached the policy by misrepresenting the cause and extent of its alleged damages. Further, it alleged that the documents and records relied upon were not disclosed by Plaintiff despite its discovery obligations but instead came to light through non-party discovery after the deadline to amend the scheduling order had passed. In response to that motion, Plaintiff challenged that amending Defendant's pleading was inappropriate because the affirmative defenses were not pled with particularity and were futile on the merits. Significantly, Plaintiff never challenged that amendment should not be allowed because it would be prejudiced in the event that the new affirmative defenses were permitted. And, importantly in granting Defendant's motion, the Court expressly found that amendment would not cause Plaintiff undue prejudice and noted that the deadline to complete discovery is March 24, 2020 and that "the proposed amendments appear to be 'consistent with Lexington's previous position that the claim is overstated.'" ECF No. [29] at 10.

The Court finds no reason to disturb its prior conclusions nor to stay the case and continue the current deadlines. While the Court acknowledges that the current pre-trial and trial deadlines are not squarely in line with Plaintiff's preferred schedule, that is not dispositive. The Court does not find that Plaintiff will face undue hardship or inequity if the case proceeds on its current track. Discovery has not concluded, mediation has not yet occurred, and trial is still several months away. Further, the new affirmative defenses are consistent with Defendant's position prior to amendment that the claim is overstated and damages are pre-existing.

Considerations of judicial economy and case administration, moreover, do not militate in Plaintiff's favor. The trial was set for a date approximately 14 months from when Plaintiff initiated the lawsuit, and as Plaintiff represents, the parties have been diligently working throughout this time. A stay of litigation and continuation of deadlines does not simplify issues, streamline litigation, or reduce the burden of litigation on the parties and the Court. *See Brent v. Source Interlink Distribution, LLC*, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014) ("In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court.").

Similarly, although Plaintiff is correct that the public interest is served by both parties having the opportunity to have the case fully addressed on the merits, Plaintiff fails to convince the Court that it cannot properly prosecute its case under the present schedule or that it will be "affirmatively prevented from defending itself." Moreover, the public also has an interest in the just, speedy, and inexpensive determination of every action and proceeding. *See* Fed. R. Civ. P. 1. In light of the Court's "broad discretion" and in consideration of the factors for determining

whether Plaintiff is entitled to the relief it requests, the Court concludes that there is neither good cause for a stay nor exceptional circumstances for a continuation of deadlines.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Stay Litigation and Continue Trial, **ECF No. [33]** is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 24, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record