# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-61365-BLOOM/Valle

SOUTHPOINT CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

## ORDER ON MOTION TO STRIKE EXPERT DISCLOSURES

**THIS CAUSE** is before the Court upon Defendant's, Lexington Insurance Company ("Defendant"), Motion to Strike Plaintiff's Untimely and Insufficient Expert Disclosures, ECF No. [39] ("Motion"). Plaintiff, Southpoint Condominium Association, Inc. ("Plaintiff"), filed a response in opposition, ECF No. [44] ("Response"). The Court has considered the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.      BACKGROUND

On June 25, 2019, the Court entered its Scheduling Order, ECF No. [11], establishing February 25, 2020 as the deadline for the parties to disclose experts and exchange expert witness summaries or reports. On February 11, 2020, Defendant filed its amended answer and affirmative defenses, ECF No. [30], after having been granted leave of Court. ECF No. [29]. The amended answer and affirmative defenses added three additional affirmative defenses based on Plaintiff's alleged violation of the subject insurance policy's Concealment, Misrepresentation or Fraud provision. ECF No. [30] at 7-9. Shortly thereafter, Plaintiff moved to stay the litigation and

continue the trial, ECF No. [33], on the basis that its Board of Directors voted to hire new experts to investigate the concerns raised by the new affirmative defenses on February 17, 2020. Plaintiff further represented that the new experts estimated that it would take approximately 6-8 weeks to complete their investigation once it began. *Id*. That motion was denied on February 24, 2020, ECF No. [34].

Ever persistent, Plaintiff moved the very next day—the date that the parties were required to disclose experts and exchange expert witness summaries or reports—to extend the deadline for the parties to disclose expert witnesses and other pre-trial deadlines. ECF No. [35]. Plaintiff argued that the new affirmative defenses contain "serious allegations" and that it has chosen to no longer rely upon its previously retained expert witnesses but instead use the newly hired experts to "investigate and evaluate its claim anew." *Id*. Plaintiff added that contemporaneously with the motion, it was serving its expert witness disclosure to Defendant, *see* ECF No. [44-2], which purportedly disclosed the names, qualifications, and anticipated testimony of the newly engaged experts as well their current *curriculum vitae*. On March 2, 2020, the Court granted the motion in part by extending the deadline for the parties to disclose experts and exchange expert witness summaries or reports to March 6, 2020. ECF No. [38].

Following the February 25, 2020 disclosure, the parties scheduled numerous depositions, including Plaintiff's experts, Paul Del Vecchio and Federico Balestrazzi, which were mutually coordinated for April 1, 2020. *See* ECF No. [44-3]. When March 6, 2020 arrived, Plaintiff provided a Supplemental Expert Witness Disclosure, ECF No. [44-4], which disclosure included a Preliminary Assessment Report prepared by Mr. Del Vecchio but did not contain a report from Mr. Balestrazzi. *Id*. Plaintiff's filing noted that it would take approximately four to six weeks for Mr. Balestrazzi to complete his assessment and issue his report/estimate. *Id*.

Sometime thereafter, Plaintiff's counsel advised defense counsel that the experts' final reports would be completed and provided to Defendant sometime in advance of the experts' April 1, 2020 depositions. *See* ECF No. [44] at ¶ 22. To this end, a "comprehensive report" from Mr. Balestrazzi was provided to Defendant on March 24, 2020, *see id.* at ¶ 24 (citing ECF No. [44-5]), and Plaintiff represents that Mr. Del Vecchio's supplemental report is forthcoming such that Defendant will receive Plaintiff's experts' complete reports before the depositions are to occur, before the discovery and pre-trial motion deadlines, and months before trial. *Id.* at ¶¶ 23, 27; *see also id.* at 7. Most importantly, on March 16, 2020, six days after Defendant filed the instant Motion, the parties jointly moved to modify the Court's Scheduling Order by thirty days, ECF No. [40], which the Court granted on March 18, 2020, ECF No. [41]. In that Order, the Court found good cause to modify the pending pre-trial and trial deadlines, and it set April 23, 2020 as the deadline for all discovery to be completed. *Id.*

Against this backdrop, Defendant filed the instant Motion on March 10, 2020, seeking to strike Plaintiff's expert disclosures and bar its experts from testifying at trial pursuant to Rule 37(c)(1), Fed. R. Civ. P. According to Defendant, Plaintiff's disclosures are untimely and inadequate under Rule 26(a)(2), and the submissions' deficiencies are neither justifiable nor harmless. *See generally* ECF No. [39]. Plaintiff opposes this "extreme measure" because, in its opinion, it timely complied with its disclosure obligations and to the extent that its actions fell short, they were justified and harmless, and that it has and will supplement the experts' opinions and reports. *See generally* ECF No. [44]. Plaintiff adds that its experts' testimony is "undeniably critical" to its case (effectively dispositive), and that should the Court strike the experts, Plaintiff will seek leave of Court to voluntarily dismiss the action without prejudice. The Motion, accordingly, is ripe for consideration.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony. *See* Fed. R. Civ. P. 26(a)(2). To make a proper disclosure, parties must disclose an expert's identity "accompanied by a written report." *Id.* at Rule 26(a)(2)(B). The written report must contain an array of information, including a "complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and the witness' qualifications, lists of cases where the witness testified as an expert, the expert's fee arrangement, and exhibits used to summarize or support the expert's opinions. *See id.* at Rule 26(a)(2)(B)(i)-(vi).

Regarding the timing to disclose expert testimony, expert disclosures must be made at the times and in the sequence that the court orders. *Id.* at Rule 26(a)(2)(D). Absent a stipulation or court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial; or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. *Id.* at Rule 26(a)(2)(D)(i)-(ii). Parties must supplement their expert disclosures when required under Rule 26(e). *Id.* at Rule 26(a)(2)(E). That rule, in turn, imposes a duty on a party to supplement or correct its expert disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." *Id.* at Rule 26(e)(1).

Further, for an expert whose report must be disclosed under Rule 26(a)(2)(B), "the party's duty to supplement extends both to information included in the report and to information given

during the expert's depositions," and any "additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* at Rule 26(e)(2). Under that rule, unless ordered otherwise by the court, pretrial disclosures must be made at least 30 days before trial. *Id.* at Rule 26(a)(3)(B).

If a party violates Rules 26(a) or (e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." *See id.* at Rule 37(c)(1). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 824). In making this determination, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Torres v. First Transit, Inc.*, No. 17-CV-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citation omitted). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718, at *6 (N.D. Fla. Mar. 20, 2008), *report and recommendation adopted*, No. 4:06 CV 496 WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *2 (S.D. Fla. July 30, 2014) (noting that a court has "great discretion in deciding whether to impose such a sanction" for failure to comply with expert witness disclosure

requirements). Indeed, "[c]ourts have broad discretion to exclude untimely expert testimony—even when they are designated as 'supplemental' reports." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

## III. DISCUSSION

Deciding whether to grant the relief Defendant requests raises two overarching issues. The first is whether Plaintiff has timely disclosed its experts and their written reports to Defendant. The second is whether, to the extent Plaintiff's disclosures do not comply with Rule 26, Plaintiff's actions are substantially justified or harmless so as to avoid Rule 37 sanctions. The Court addresses each issue in turn.

### A. The disclosures are untimely under the Scheduling Order but are otherwise timely under Rule 26

As noted, the initial deadline to disclose experts and exchange expert witness summaries or reports was February 25, 2020, ECF No. [11], and that deadline was pushed back to March 6, 2020, ECF No. [38]. On February 25, 2020, Plaintiff disclosed the names of its experts, a very skim summary of each expert's background and scope of expertise, and a *curriculum vitae* for each expert, ECF No. [44-2]. On March 6, 2020, Plaintiff provided its Supplemental Expert Witness Disclosure, which included a Preliminary Assessment Report from Mr. Del Vecchio that contained a statement of his opinions and supporting reasons. *See* ECF No. [44-4]. However, Plaintiff did not provide a report from Mr. Balestrazzi at that time. That report, instead, was transmitted to Defendant on March 24, 2020. *See* ECF No. [44-5]. Accordingly, each of Plaintiff's new experts have produced some form of expert report even though the reports are not final.

The Court's Scheduling Order controls expert disclosures, and it is "[o]nly after determining that the Court's Order does not cover the matter or is otherwise ambiguous" that the "Court [then] fall[s] back on the Rule 26 timeline." *Buonamano v. United States*, No. 13-CIV-

6

80221, 2014 WL 12580527, at *1 (S.D. Fla. Aug. 5, 2014). In this instance, the Scheduling Order was clear, and Plaintiff needed to disclose its experts by March 6, 2020. Although the experts' identities were provided by that date, Plaintiff did not supply a report from Mr. Del Vecchio containing the required information under Rule 26(a)(2)(B) nor provide a report at all from Mr. Balestrazzi. Thus, Plaintiff's disclosures are untimely under the Scheduling Order deadline.

However, this feature is not necessarily dispositive. On each of these occasions, Plaintiff explicitly noted that its experts were in the process of preparing their reports, and the record supports the conclusion that Plaintiff has attempted to meet its tight deadline with urgency. Separately, after Defendant filed the instant Motion, the parties jointly moved to extend the discovery deadline, including expert discovery, the mediation deadline, pre-trial motion deadline, and the trial deadline. *See* ECF No. [40]. The Court granted that motion and the expert discovery deadline is now April 23, 2020, and the case has been placed on the trial calendar beginning in mid-August 2020. Accordingly, approximately one month remains for expert discovery to proceed, Plaintiff's experts' depositions are scheduled to take place during this period, and trial is approximately five months from now.

In this regard, the Court recognizes that while Plaintiff's disclosures are untimely under the Scheduling Order's dates, they comfortably fall beyond the 90-day period under Rule 26(a)(2)(D). *See Buonamano*, 2014 WL 12580527, at *1 (denying motion to strike where plaintiffs' disclosure occurred 105 days after the discovery cutoff but otherwise complied with the 90-day timeline under Rule 26(a)(2)(D)); *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 08-CIV-81211, 2009 WL 2746368, at *2 (S.D. Fla. Aug. 26, 2009) (denying motion to strike where experts were disclosed three months after proposed disclosure date because "though it was beyond the time Defendants thought had been agreed upon, Plaintiff did provide the

disclosures within the discovery time period"). And as Plaintiff represents in its Response, the experts' "complete and final report[s]" will be provided to Defendant sometime before April 1, 2020, which is before the experts' depositions, mediation, and months before trial. Moreover, the record supports the finding that July 18, 2020 is the cut-off date for the parties to supplement or alter their expert reports. *See* Fed. R. Civ. P. 26(e)(2).

"[T]he expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise[.]" *W. Union Holdings, Inc. v. E. Union, Inc.*, 316 F. App'x 850, 854 (11th Cir. 2008) (citation omitted). Moreover, the "purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify" so as to "minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 7507848, at *4 (S.D. Fla. Aug. 1, 2016) (citations omitted). Under the current circumstances and in light of the remaining deadlines, the objectives of the expert discovery rules are not subverted. The Court, therefore, chooses to exercise its discretion to find Plaintiff's disclosures timely under Rule 26.

### B.    Plaintiff will not be sanctioned under Rule 37(c)(1)

Even if the Court were to find that Plaintiff has failed to provide information or identify a witness as required by Rule 26(a) or 26(e), "exclusion of a witness is not automatic when a party fails to comply with the applicable disclosure rules." *Chau v. NCL (Bahamas) Ltd.*, No. 16-21115-CIV, 2017 WL 3623562, at *5 (S.D. Fla. May 3, 2017). "Rather, the court must first assess whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless." *Id*. As noted, "courts typically consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure;

(3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.*

Plaintiff's decision to retain new experts shortly before the initial expert disclosure deadline was set to expire is not substantially justifiable. Parties must work with the facts generated during discovery, and the decision to drop an expert and retain new ones in its stead carries significant risks, including the possibility that the expert will be stricken due to non-compliance with Rule 26. Further, the failure to produce any expert report by the Scheduling Order deadline, such as was the case with Mr. Balestrazzi, provides grounds to exclude expert testimony. "The purpose of [Rule 26] is to safeguard against surprise. A failure to comply with the expert witness disclosure requirements may result in the striking of expert reports or the preclusion of expert testimony. Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense." *Warren*, 2014 WL 3764126, at *1 (internal citations omitted). Nonetheless, applying the factors set forth above, the Court finds that the imposition of Rule 37(c) sanctions is inappropriate.

First, the Court acknowledges that the experts' testimony is crucial to Plaintiff's case. Plaintiff characterizes the experts' evidence as "undeniably critical to [its] claim" such that "the Court's ruling on this motion has the potential to be dispositive" and that "if the Court is inclined to strike Plaintiff's new experts, Plaintiff seeks leave of Court to voluntarily dismiss the action without prejudice." ECF No. [44] at 11-12. In this setting, the Court equally understands that the experts' testimony is of high importance to Defendant, the experts have not yet been deposed, and the final reports will be provided to Defendant beforehand. Thus, the Court chooses to err on the side of caution in evaluating the Motion and in determining whether the sanction of striking experts is warranted. *See Gandhi v. Carnival Corp.*, No. 13-cv-24509, 2014 WL 11961961, at *1 (S.D.

Fla. Oct. 14, 2014) (denying motion to strike defendant's amended responses to interrogatories and to exclude witness testimony because "[a]s Plaintiffs recognize, the testimony is important to the case" and "is directly related" to issues squarely in dispute between the parties).

Second, the Court finds that Plaintiff's failure to comply with the required disclosures by the Scheduling Order deadline, while undeniably a risky strategy, was not borne out of bad faith or disregard for its obligations. For instance, Plaintiff requested an extension on two occasions before the instant Motion was filed, ECF Nos. [33] and [35], and it retained the current experts on February 17, 2020, less than one week after the Court granted Defendant leave to amend, ECF No. [29]. Plainly, its experts could not produce their materials by that date.[1] But it should be emphasized that this predicament was caused entirely by Plaintiff's own making. Plaintiff had secured experts well beforehand, received reports from them, and then chose to distance themselves from them only after Defendant filed its amended answer and affirmative defenses. As Defendant correctly points out, "[i]f Plaintiff was not happy with its previous consultants for any reason, Plaintiff could have swapped them out months ago," *see* ECF No. [39] at 6, and had Plaintiff retained its current experts at the time it first learned of Defendant's allegations, which caused it to seek amendment in mid-January 2020, Plaintiff could have timely disclosed its new experts and their reports under the Court's Scheduling Order deadline. *Id*. at 7.

---

[1] Plaintiff represents, without embellishment, that "[t]he process of identifying qualified experts, determining the scope of the necessary investigation, estimating expenses related to the investigation, negotiating contract terms, and obtaining approval of Southpoint's Board of Directors is long and laborious." ECF No. [44] at 2. It adds that after the experts were retained, they "immediately began reviewing necessary documents and setting up schedules for inspections" and "have been at the property daily attempting to complete their inspections as quickly as possible." *Id*. at 9. Further, Plaintiff explains that its delay in not producing final reports before March 6, 2020 is justified given that inspections are time-consuming in light of the inspection occurring at "a large property with two high rise towers, over 400 units, and a large lobby adjoining the two towers." *Id*.

In this respect, the Court acknowledges Defendant's frustrations that the Preliminary Assessment Report is deficient in certain components and that Plaintiff did not produce any report from Mr. Balestrazzi by March 6, 2020. However, the Court also notes that six days after Defendant filed the instant Motion, the parties jointly moved this Court to modify the Scheduling Order to extend the expert discovery deadline and other deadlines. *See* ECF No. [40]. Taken together, Plaintiff's actions in belatedly seeking out new experts are not substantially justified. However, Defendant cannot on the one hand request that both parties receive the benefit of extended expert discovery (and mediation, pre-trial motion, and trial deadlines) while on the other hand complain that Plaintiff's experts should be stricken because they were not timely or adequately disclosed under the former Scheduling Order deadline.

Third, the Court does not find that Defendant has been prejudiced to an extent that striking Plaintiff's disclosures and barring its experts from testifying is warranted. As explained, prejudice "generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe*, 106 F. Supp. 3d at 1260 (S.D. Fla. 2015). Defendant represents that, as of March 10, 2020, it has "undoubtedly been prejudiced" in five key respects: (1) it has not received Mr. Balestrazzi's expert report and that it only retained a deficient report from Mr. Del Vecchio; (2) it is prejudiced in its ability to perform a re-inspection of the insured premises; (3) obtain rebuttal witnesses; (4) prepare a rebuttal report; and (5) deprived of the opportunity to fully review the experts' opinions and prepare effective cross-examination and to prepare for trial. *See* ECF No. [39] at 7.

Here, the record does not support the conclusion that Defendant truly is deprived of a meaningful opportunity to conduct relevant discovery or to prepare for trial. Regarding Mr. Balestrazzi, Plaintiff produced his report on March 24, 2020. *See* ECF No. [44-5]. Further, Plaintiff

has already provided to Defendant the experts' identities, a summary of their opinions, their qualifications, and their fee schedules. *Id.* at ECF No. [44] at 9. Plaintiff also represents that both experts' "complete, finalized opinions will be provided to Defendant in advance of the expert depositions, which are currently scheduled for April 1, 2020." *Id.* Thus, "Defendant will have the complete reports and an opportunity to depose the experts in advance of both mediation (April 6, 2020) and the motion deadline (May 15, 2020)" and "will have the expert reports well in advance of trial, which is scheduled for August 7, 2020." *Id.* at 9-10. Moreover, Defendant conducted a re-inspection in December 2019, the parties' experts are expected to opine on the same subject matters—the cause, scope of, and value of the damage—and Defendant will have the expert reports in advance of the depositions and trial. *See id.* at 10. *See also Torres v. First Transit, Inc.*, No. 17-CV-81162, 2018 WL 3729553, at *3 (S.D. Fla. Aug. 6, 2018) (denying motion to strike where there was no surprise to the non-disclosing party, the testimony at hand was crucial to the party's claim, and "the potential prejudice to Plaintiffs of striking their experts far outweighs any prejudice to Defendant").

Finally, the Court finds that while the prejudice Defendant claims in its Motion may have been more pronounced when the Motion was filed, the Court has since "cured" many of the underlying concerns by extending the pre-trial and trial deadlines at both parties' request. *See* ECF No. [41]. Defendant now has the additional time needed to conduct expert discovery, including deposing Plaintiff's experts with the benefit of their expert reports.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [39]**, is **DENIED**. Plaintiff shall furnish the complete and final expert reports from Mr. Balestrazzi and Mr. Del Vecchio to Defendant before April 1, 2020. If Defendant requires additional time to

prepare for the depositions scheduled for April 1, 2020, the parties can reschedule the depositions to occur on or before April 23, 2020, the discovery deadline.

      **DONE AND ORDERED** in Chambers at Miami, Florida, on March 27, 2020.

**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record