UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61365-BLOOM/Valle

SOUTHPOINT CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion *in Limine*, ECF No. [52] ("Motion"). Defendant filed a response in opposition, ECF No. [59] ("Response"), to which Plaintiff did not file a reply. The Court has considered the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.    BACKGROUND**

The Court assumes that the parties' familiarity with the facts of this case. *See* ECF No. [69]. The Motion seeks to preclude Defendant from presenting witness testimony and evidence regarding the following at the upcoming trial:

1. Motion *in Limine* Issue #1: Preclude Defendant from introducing expert testimony from Hector G. Barrigan because it would be unnecessarily cumulative and redundant;

2. Motion *in Limine* Issue #2: Preclude Defendant from introducing any evidence related to alleged fraud by Plaintiff's representatives because the alleged actions are not imputed to the insured;

3. Motion *in Limine* Issue #3: Preclude Defendant from seeking to introduce evidence of and reference to other claims involving GlobalPro Recovery, DSS Condo, LLC, or The Falcon Group.

## II.    LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the

evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III.    DISCUSSION

#### A.    Motion *in limine* issue #1

Plaintiff argues that, pursuant to Rule 403, Fed. R. Evid., Defendant should be precluded from eliciting "cumulative testimony" from its expert, Hector Barrigan ("Mr. Barrigan"). ECF No. [52] at 2. According to Plaintiff, Defendant's experts, Roberto Beauchamp ("Mr. Beauchamp") and Mr. Barrigan, performed visual inspections of the Southpoint roof system and exterior building envelope "and reached nearly identical opinions regarding damage, cause, and necessary repairs." *Id.* Plaintiff asserts that cumulative expert testimony is disfavored, and that expert evidence is cumulative where there is a "substantial overlap" between expert reports and expert testimony. *Id.* at 2-3. It notes that multiple experts expressing the same opinions on a subject is a waste of time and creates the possibility that jurors will resolve expert testimony by "'counting heads' rather than evaluating the quality and credibility of the testimony." *Id.* at 3 (citation omitted).

According to Plaintiff, both experts purportedly were retained "to evaluate the condition of the Southpoint roof systems and exterior building envelope." *Id.* Plaintiff asserts that Defendants' disclosures for both experts are identical (stating that a complete statement of the opinions each expert "will express and the reasons therefor are set forth in Halliwell Engineering Associates' November 20 and November 30, 2018 reports"), and the Halliwell reports "do nothing to distinguish the scope or basis between Mr. Beauchamp's and Mr. Barragan's opinions." *Id.* at 4. Plaintiff maintains that the Halliwell reports were not signed by Mr. Barragan, and "nothing in the expert reports . . . indicates that Mr. Barragan came to any conclusions or findings separate and apart from Mr. Beauchamp." *Id.* In Plaintiff's view, it would be unfairly prejudiced by the presentation of expert testimony from both experts because the "clear intent" of calling both witnesses to testify "would be to imply that not one, but two experts agree that Southpoint's main roof systems and exterior buildings do not need to be replaced due to damage caused by Hurricane Irma." *Id.*

In response, Defendant asserts that Mr. Beauchamp is a forensic architect and Mr. Barragan is a structural engineer, and that these two experts will testify from different professional perspectives. ECF No. [59] at 1, 3. Defendant represents that they have different degrees, professional licenses, and experiences. *Id.* at 3. Further, while architecture and engineering fields overlap in some areas, "an architect focuses principally on design whereas an engineer focuses on the function and safety of the structure." *Id.* Thus, according to Defendant, their testimony will be "complementary, not cumulative[.]" *Id.* (citing *Sammons v. Polk Cty. Sch. Bd.*, No. 8:04-CV-2657-T-24EAJ, 2006 WL 5112592, at *1 (M.D. Fla. Jan. 10, 2006) (denying motion *in limine* and finding "persuasive" defendant's argument that the expert testimony at issue was "complementary" and not cumulative because the two experts had different backgrounds)).

4

Upon review, the Court concludes that Plaintiff has not carried its burden to demonstrate that Mr. Barragan's testimony should be excluded. Rule 403, Fed. R. Evid., provides that relevant evidence may be excluded if its probative value is "substantially outweighed by a danger of" unfair prejudice or needlessly presenting cumulative evidence. *Id.* Mr. Beauchamp and Mr. Barragan have different professional backgrounds, and Defendant represents that they will testify on the cause and scope of damage "from different professional perspectives." ECF No. [59] at 3. Plaintiff's citation to *Goldstein v. Centocor*, No. 05-21515 COV, 2007 WL 61913, at *2 (S.D. Fla. Jan. 5, 2007), is thus distinguishable. In that case, defendant presented three pulmonologists as experts with essentially identical credentials, and the record did not reflect that any doctor had a particular expertise that the other did not have. *Id.* Thus, unlike the situation here, that case presented a substantial danger of cumulative evidence and prejudice by having three nearly identical experts testify at trial.

This Court previously observed that "[t]estimony on the same topic by different experts, however, is not needlessly cumulative where the experts will testify from different professional perspectives." *Nat'l Union Fire Ins. Co. of Pittsburgh PA v. SPX Flow US, LLC*, No. 18-CV-80332, 2019 WL 1227987, at *6 (S.D. Fla. Mar. 14, 2019) (quoting *Royal Bahamian Association, Inc., v. QBE Insurance Corp.*, 2007 WL 4225947 (S.D. Fla. Oct. 21, 2007). In that case, the Court noted that, like here, the experts had "different educational and professional backgrounds and experiences." *Id.* The Court, nevertheless, directed defendant to coordinate the experts' testimony "to avoid needless duplication and cumulative testimony." *Id.* Here, Defendant represents that it will do that. ECF No. [59] at 3. Therefore, the Motion as to issue #1 is denied. To the extent Plaintiff believes that an objection on the ground of duplicative and cumulative testimony by Mr.

5

Beauchamp and Mr. Barragan is warranted at trial, the Court will address any such objections then, as appropriate.

### B. Motion *in limine* issue #2

Plaintiff argues Defendant should be precluded from introducing any evidence related to alleged fraud by its representatives because the alleged actions are not imputed to it as the insured. ECF No. [52] at 5. Specifically, Plaintiff asserts that following Hurricane Irma, it hired various professionals to assist with the evaluation and submission of its insurance claim: GlobalPro (public adjuster), Falcon Engineering (determine extent of damage), and DSS (determine costs associated with repairs). *Id.* According to Plaintiff, it anticipates Defendant will seek to prove fraud by Plaintiff in connection with the claim based on the representatives' actions. *Id.* For instance, it believes Defendant will introduce evidence that GlobalPro consulted with Falcon regarding revisions that were made to Falcon's engineering report before the final version was submitted to Defendant. *Id.* at 6. Plaintiff submits that these revisions were not discussed, directed, or reviewed by Southpoint's board, and the board was "completely uninvolved in this revision process." *Id.*

Plaintiff further maintains that to prove fraud under the policy's Concealment, Misrepresentation or Fraud provision,[1] Defendant must prove that Plaintiff's board of directors

---

[1] The provision states as follows:

### A. Concealment, Misrepresentation or Fraud

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this coverage part

"personally and intentionally concealed or misrepresented a material fact." *Id.* at 5. In its view, that provision does not apply to alleged fraud or misrepresentation committed by its representatives, and thus, the "only evidence of alleged fraud that should be admissible in this case are those actions taken directly by the Southpoint Board of Directors." *Id.* at 5-6 (citing *El-Ad Residences at Miramar Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 09-60723-CIV, 2010 WL 8961438 (S.D. Fla. Sept. 28, 2010), *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 965 F. Supp. 2d 1386 (S.D. Fla. 2013), *aff'd*, 616 F. App'x 936 (11th Cir. 2015), and *Garden-Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 864570 (S.D. Fla. Mar. 8, 2013), *aff'd*, 591 F. App'x 868 (11th Cir. 2014)). Plaintiff asserts that any evidence of fraud or misrepresentation committed "solely by Plaintiff's representatives or experts" is irrelevant and prejudicial. *Id.* at 7.

Defendant responds that Plaintiff's motion *in limine* is deficient because Plaintiff does not cite to any specific evidence that it seeks to preclude, and "not a single one of the cases relied on by Plaintiff supports its arguments that evidence of fraud should be precluded." ECF No. [59] at 4. Regarding the former, Defendant maintains that Plaintiff does not identify specific evidence within the broad category of "evidence of alleged fraud by Southpoint's representatives," which Plaintiff seeks to exclude. *Id.* at 5. Regarding the latter, Defendant contends that the cases Plaintiff cites do not hold that fraud by an insured's agents cannot be imputed to the insured. *Id.* Further, Defendant argues that evidence of fraud committed by Plaintiff's representatives is "clearly relevant to Plaintiff's knowledge of, and participation in, the inflation of its claim, and therefore, admissible." *Id.* at 7. In this respect, Defendant notes that there is "significant evidence, including

---

ECF No. [52] at 5 (emphasis omitted).

video of Board Meetings, and communications to/from Plaintiff's Board and property manager, showing that Plaintiff was aware its claim was grossly inflated." *Id.*

Upon review and consideration, Plaintiff's Motion as to issue #2 is denied. "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Palmetto 241 LLC v. Scottsdale Ins. Co.*, No. 19-CV-22195, 2020 WL 2736646, at *3 (S.D. Fla. May 26, 2020) (denying motion *in limine* seeking to exclude evidence and testimony "regarding coverage and/or exclusions in the insurance policy, including that certain losses or damage are excepted, excluded, and are (or are not) covered under the insurance policy"). Additionally, "a district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *Id.* (quoting *Ctr. Hill Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *2 (S.D. Fla. Jan. 30, 2020) (refusing to "categorically exclude the testimony of any potential expert witness that is used as a conduit for the introduction of otherwise inadmissible evidence . . . without first being apprised of the nature of that testimony and the purpose for its introduction")).

Here, Plaintiff seeks an across-the-board prohibition against Defendant putting forth any evidence of alleged fraud by Plaintiff's representatives "unless the Defendant can show an intentional misrepresentation by Southpoint's Board of Directors." ECF No. [52] at 7. Apart from an unspecified reference to a consultation between Falcon and GlobalPro, however, the Motion fails to cite any specific evidence or specific testimony beyond the abstract. Indeed, the Court is left to guess what evidence Plaintiff believes can only be attributed to Southpoint's board and not to the representatives. Not only does this request "lack[] the necessary specificity with respect to the evidence to be excluded," more glaringly, it fails to accord with the underlying nature of this

suit. Significantly, Plaintiff states that "[a]t all times, Southpoint relied on the guidance and expertise of the professionals it hired" to assist it with its evaluation and submission of its insurance claim, ECF No. [52] at 5. Yet, now, when faced with consequences from these representative's alleged misconduct relating to the claim, their actions are purportedly irrelevant, prejudicial, and inadmissible. In this respect, the Court does not agree with Plaintiff. A categorical bar on evidence of alleged fraud or misrepresentation by Plaintiff's representatives is unjustified.

Moreover, Plaintiff's contention that the Concealment, Misrepresentation, or Fraud provision does not permit evidence of fraud or misrepresentations committed by its representatives to be considered is unsupported. In *El-Ad*, the insurer contended that it was entitled to summary judgment because the insured made misrepresentations or committed fraud during the claims process through the knowing and intentional overstatement of hurricane damage sustained to the property. That court noted "troubling facts" and "legitimate doubts" regarding submission of the contractor's estimate, but determined that summary judgment was inappropriate on the record before it. 2010 WL 8961438 at *6-7. Importantly, the court found a question of fact existed as to whether the insured's submission of the contractor's estimate was tantamount to a misrepresentation by the insured. *Id.* at *7. In particular, the material misrepresentation was not "directly made" by the insured but was contained in the contractor's estimate. Thus, the court observed that there was "only circumstantial evidence demonstrating that [the insured] colluded with [the contractor] to produce the fraudulent estimate or that it was aware the estimate contained material misrepresentation was it was submitted." *Id.* Contrary to Plaintiff's suggestion, *El-Ad* did not hold that the actions of the insured's representatives cannot be imputed to the insured. If anything, *El-Ad* underscores the importance of determining the insured's alleged wrongful intent through a wide array of evidence, including that of its agents and representatives.

9

In *200 Leslie Condo*, another court determined that the insured's failure to comply with certain post-loss conditions precluded the insured's declaratory judgment claim that the amount of alleged hurricane damages must be resolved through the appraisal process set out in the policy. 965 F. Supp. 2d at 1399. That court also addressed the insurer's argument that the insured's purported misrepresentations regarding its damages voided all coverage. *Id.* Specifically, the court determined that the insurer did not meet its burden of proving fraud and concealment because the insured reasonably relied on its representatives in signing an inflated proof of loss. *Id.* at 1403-04. Although the court rejected the insurer's argument that any fraud of the representatives should be imputed to the insured, it did not hold that evidence of fraud committed by the insured's representatives was inadmissible or irrelevant. Nor did it hold that such a theory is foreclosed by the Concealment, Misrepresentation or Fraud provision.

Finally, in *Garden-Aire*, the court also considered whether the subject policy was void for fraud, misrepresentation, or concealment. 2013 WL 864570, at *1. That court determined that the insurer failed to carry its burden to show fraud, misrepresentation, or concealment based, in part, on the insured's reliance on its experts and failure to act with wrongful intent. *Id.* at *9. Notably, however, the court recognized that the actions of the insured's agents could be imputed to the insured, and that their state of mind was relevant to whether coverage could be voided. *See id.* ("Plaintiff's attempt to attribute the gross disparity here at issue solely to its public adjuster is unavailing under agency principles. The adjuster was acting within the scope of his authority when he submitted the claims. Moreover, plaintiff signed the sworn proof of loss, and was the primary beneficiary of the representations contained therein.") (citation omitted).

Taken as a whole, Plaintiff fails to establish that fraud, concealment, or misrepresentations of its consultants and representatives cannot be imputed to it as a matter of law. Indeed, none of

the authorities Plaintiff cites dictate that only Plaintiff's actions alone are relevant to determining whether the Concealment, Misrepresentation, of Fraud provision was breached. Accordingly, the Motion is denied as to issue #2.

### C.     Motion *in limine* issue #3

Plaintiff argues that Defendant should be precluded from seeking to introduce evidence of and reference to other claims involving GlobalPro, DSS, or Falcon. ECF No. [52] at 7. Without citing specific examples, Plaintiff asserts that it anticipates Defendant will seek to admit testimony or evidence regarding investigations, adjustments, monetary settlements and/or conclusions of investigations concerning property damage claims in which GlobalPro, DSS, or Falcon assisted other insureds. *Id.* According to Plaintiff, such evidence is irrelevant to the instant dispute, and even if relevant, is substantially prejudicial to it and will confuse the jury. *Id.* at 7-9. In Plaintiff's view, "[t]his case is not about Global Pro, DSS, and Falcon Group. It is about the damages suffered by Southpoint as a result of Hurricane Irma. Defendant should not be permitted to put on a trial within a trial against Southpoint's representatives." *Id.* at 9.

In response, Defendant asserts that the Motion should be denied on this issue because Plaintiff fails to identify the specific evidence to be precluded. ECF No. [59] at 7. Further, it contends that it bears the burden to prove that Plaintiff's inflation of claims was intentional, and pursuant to Rule 404(b), Fed. R. Evid., evidence of prior wrongs or acts is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* According to Defendant, "[i]f evidence from other claims falls within these categories, it would be admissible," and "[u]ntil Plaintiff identifies the specific evidence it seeks to exclude, there is no way for the Court to balance the evidence's probative value against its potential prejudice." *Id.*

11

Upon review, the Court denies the Motion as to issue #3. The Court cannot categorically exclude evidence at this point, without presentation of specific evidence before it, simply because it involves other claims involving Plaintiff's representatives. As Defendant notes, Rule 404(b), Fed. R. Evid., permits consideration of prior bad acts in certain circumstances, such as to prove absence of mistake, opportunity, or intent. One of the key issues in this case is whether Plaintiff (by itself and through its representatives) committed fraud or intentionally concealed information or made material misrepresentations in connection with the insurance claim. Therefore, to the extent evidence of other claims falls within the scope of Rule 404(b), it may be relevant to this inquiry. However, because such evidence or testimony is not before the Court and Plaintiff stresses that this evidence would be "extremely prejudicial" to it, the Court will address any objections, as appropriate, at trial.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [52]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record